**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIKKI BELL,<br><br>       Plaintiff,<br><br>  -against-<br><br>GREEN SQUARE COMPANY LLC,<br><br>       Defendant. | COMPLAINT<br>1:21-cv-870 (GTS/CFH) |

## PLAINTIFF'S COMPLAINT

The Plaintiff, NIKKI BELL ("Plaintiff"), through her attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, GREEN SQUARE COMPANY LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §1692k FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Saratoga Springs, Saratoga County, New York.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Buffalo, Erie County, New York.

11. Defendant is a business entity engaged in the collection of debt within the State of New York.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acts through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. In or around June 2020, Defendant began placing collection calls to Plaintiff on Plaintiff's telephone at xxx-xxx-2570, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 866-996-4930, which is one of Defendant's telephone numbers.

22. In or around August 2020, Defendant left the following voicemail messages on Plaintiff's telephone:

    a. "This is a formal notification solely intended for Nikki Bell. This is the offices of Green Square Services calling regarding your claim, which is currently in imminent default. This matter's being scheduled to be recalled beyond this point, at which time our client will pursue and likely be awarded the appropriate release. You may contact the office directly at 888-608-5122. As always, your complete cooperation is appreciated. 258778."

    b. "This is a formal and final notification solely intended for Nicky Bell. This is the offices of PRG calling regarding your claim, which is currently in imminent default. The matter is scheduled to be recalled beyond this point at which time our client will pursue and likely be awarded the appropriate relief. You may contact the office directly 855-904-2362. As always, your full cooperation is required."

    c. "Message is intended for Nikki Bell. My name is Lisa Mitchell calling in reference to the civil grievance filed in our office involving your name as well as your social. At this point of the investigation there is a suspicion you actively participated in a deliberate deception of a financial institution. Because of the timeframe that I've been granted, I must discuss this matter with you while the paperwork is drawn and to prevent any further actions. You or your representing counsel can contact me at 844-802-1310. Your prompt attention to this matter is required. Good luck."

23. The telephone numbers 888-608-5122 and 844-802-1310 belong to Defendant.

24. Defendant's collectors were working within the scope of their employment when

communicating with Plaintiff.

25. Defendant's collectors are or should be familiar with the FDCPA.

26. Defendant's collectors know or should know that the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

27. Defendant's collectors know or should know that the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

28. To date, Defendant has not taken legal action against Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

29. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d(6) of the FDCPA by placing a collection call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant's collectors left voicemail messages for Plaintiff on Plaintiff's telephone and did not that the communication is from Green Square Company;

    b. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    c. Defendant further violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt, when Defendant falsely represented that a lawsuit was filed against Plaintiff;

    d. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant's

4

      collectors threatened to take legal action against Plaintiff and Defendant did not intend to take such action;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant's collectors falsely represented that Plaintiff needed an attorney to represent her with respect to the alleged debt;

f. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant's collectors left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose the communication is from a debt collector and is an attempt to collect a debt;

g. Defendant violated § 1692e(14) of the FDCPA by using any business, company or organization name other than the true name of the debt collector's business, company or organization, when Defendant's collectors left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose the communication is from Green Square Services and PRG; and

h. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, NIKKI BELL, respectfully requests judgment be entered against Defendant, GREEN SQUARE COMPANY LLC, for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

32. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

August 02, 2021				By: /s/ Shireen Hormozdi
						Shireen Hormozdi
						Hormozdi Law Firm, LLC
						1770 Indian Trail Lilburn Road, Suite 175
						Norcross, GA 30093
						Tel: 678-395-7795
						Fax: 866-929-2434
						shireen@agrusslawfirm.com
						shireen@norcrosslawfirm.com
						Attorney for Plaintiff